IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS SCOTT WERLING,

                Petitioner,

v.                                          OPINION and ORDER

MILWAUKEE COUNTY SHERIFF                 23-cv-317-jdp
and ROCK COUNTY SHERIFF,

                Respondents.

---

Nicholas Scott Werling, appearing pro se, is currently detained at the Rock County Jail. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 contending that he has been assessed excessively high bail in two Rock County cases and a Milwaukee County case, as well as a variety of other challenges regarding his pretrial proceedings. Werling names the Rock County and Milwaukee County sheriffs as respondents.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this pro se petition, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

This court cannot in a single case consider challenges to two separate confinements in different counties. This court is not the proper venue to challenge his Milwaukee County bail.

---

[1] The § 2254 rules may be applied to other types of habeas cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

I will consider here only his claims regarding his Rock County confinement, and I will dismiss his petition because he is not entitled to relief. He remains free to file a separate habeas action in the Eastern District of Wisconsin regarding his Milwaukee County bail. But before doing so he should consider the problems I discuss in this opinion.

Werling's filing and online state court records show that he is a pretrial detainee in two cases. In Rock County Case No. 2022CF472 he is charged with child abuse, battery, and disorderly conduct. He was assessed a $5,000 bond that was later modified to $2,500, which he posted. Shortly thereafter, he was charged in a second case with bail jumping and assessed a $500,000 bond that was later amended to $50,000. Rock County Case No. 2022CF1221. His bond in the '472 case was increased to $3,500. Werling states that he was accused of violating the conditions of his bond by coming within 500 feet of a school.

A federal court should exercise discretion when considering a pretrial habeas corpus petition so as to "avoid[ ] interference with the process" of the state courts. *Baldwin v. Lewis*, 442 F.2d 29, 32 (7th Cir. 1971) (quoting *Ex parte Royall*, 117 U.S. 241, 252 (1886)). Absent exceptional circumstances, a federal court must abstain from interfering with ongoing state-court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Even when exceptional circumstances exist, the petitioner must exhaust state-court remedies before coming to federal court. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009).

An excessive-bail claim can be litigated in a habeas action, *see, e.g.*, *U.S. ex rel. Garcia v. O'Grady*, 812 F.2d 347, 356 (7th Cir. 1987), but it is difficult to win this type of claim: "the federal courts cannot be expected to conduct a *de novo* bond hearing for every habeas corpus case that comes before it." *U.S. ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1133 (7th Cir. 1984).

The question is whether the state court acted arbitrarily in setting bail. *O'Grady*, 815 F.2d at 352.

Werling argues that the bond amount is excessive and that it is impossible to comply with the provision that he stay at least 500 feet away from schools because he would come within that distance simply by driving on city streets. But Werling didn't exhaust both of those claims. From electronic court of appeals records, I can see that he raised only his claim about the amount of his bond though a full round of state-court review. *See Werling v. Circuit Court for Rock County*, No. 2022AP002020. So I will disregard his argument about the school-distance bond condition.

As for the bond amount, I will assume that his bonds in the Rock County cases are cumulative such that he faces a total amount of $53,500. Nonetheless, I will dismiss this claim. Bail is excessive only when it is set at "a figure higher than an amount reasonably calculated" to fulfill the purpose of assuring that the accused "will stand trial and submit to sentence if found guilty." *Stack v. Boyle*, 342 U.S. 1, 4–5 (1951). Here, given the seriousness of the charges, Werling's exposure to more than 10 years in prison if found guilty (both the child abuse and bail jumping claims are Class H felonies subjecting Werling to six years of incarceration apiece), and the fact that he is already accused of violating his bond conditions once, I cannot say that the court's decision to escalate his bond amount to five figures is arbitrary.

Werling raises two additional grounds in his petition: he states that (1) there wasn't probable cause to bind him over for bail jumping because his ankle bracelet was calibrated to go off if he came within 650 feet of a school, not 500 feet; and (2) the court denied his petition to proceed pro se. But those types of claims do not present "exceptional circumstances" necessary for this court to intervene in the state court's proceedings; rather they are the types

of routine issues commonly litigated directly in state criminal proceedings. *See Younger*, 401 U.S. at 49 (Exceptional circumstances do not exist when the threatened injury "is solely that incidental to every criminal proceeding brought lawfully and in good faith." (internal quotation omitted)). And in any event, he hasn't exhausted those claims in state court. Rather than seek habeas relief in this federal court, Werling must litigate his claims in the state circuit court and, if necessary, the court of appeals and Wisconsin Supreme Court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Werling a certificate of appealability. Werling may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Nicholas Scott Werling's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED.

2. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered July 18, 2023.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge

5